UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ASHLEY HEATH A. BAKER                                  PLAINTIFF

v.                                CIVIL ACTION NO. 4:22-CV-P112-JHM

LARRY D. CHANDLER *et al.*                            DEFENDANTS

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 civil-rights action brought by a convicted prisoner. This matter is before the Court for screening of Plaintiff's complaint (DN 1) pursuant to 28 U.S.C. § 1915A and for consideration of two letters filed by Plaintiff (DNs 6 & 7). For the reasons set forth below, this case will be dismissed and no action will be taken on the letters.

### I. SUMMARY OF COMPLAINT

Plaintiff Ashley Heath A. Baker brings this action against two Defendants – Roederer Correctional Complex (RCC) Warden Jessie Ferguson and "halfway worker T.C.," who Plaintiff indicates is located in Owensboro, Kentucky. Plaintiff sues these Defendants in both their official and individual capacities.[1]

The allegations in the complaint which seem to pertain to Defendants Ferguson and T.C. are sparse. Plaintiff states that "RCC [] refused to follow ADA guidelines and providing me help & give me the indigent stuff but they retaliated against after I told them not ship to [other state prisons] where I had issues before . . . ." As to Defendant T.C., Plaintiff alleges that he would not allow him to go to H & R Block to fill out paperwork for his stimulus check. . . . Even T.C. did

---

[1] Plaintiff initially sued eight additional Defendants. However, because those Defendants were located in the Eastern District of Kentucky and the events giving rise to Plaintiff's claims against them presumably occurred there, by prior Order the Court severed the claims brought against those Defendants from this action and transferred them to the Eastern District of Kentucky. Most of the allegations in Plaintiff's 16-page handwritten complaint involve those Defendants.

not have no case manager at hand to help me get my SSI going again including my Medicaid & getting my food stamps."

As relief, Plaintiff seeks damages as well as injunctive relief which is not applicable to his claims against Defendants Ferguson and T.C.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint

2

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendant RCC Warden Ferguson

As the RCC Warden, Defendant Ferguson is a state official. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning

of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). For these reasons, the Court will dismiss Plaintiff's official-capacity claim against Defendant Ferguson for failure to state a claim upon which relief may be granted and for seeking damages from a Defendant who is immune from such relief.

As to Plaintiff's individual-capacity claim against Defendant Ferguson, Plaintiff makes no allegations against her. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v.*

4

*Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)).

Finally, to the extent that Plaintiff seeks to hold Defendant Ferguson liable for the allegations he makes against RCC generally, because Defendant Ferguson is the RCC Warden, this claim fails because the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).[2]

For these reasons, the Court concludes that Plaintiff's individual-capacity claim against Defendant Ferguson must be dismissed for failure to state a claim upon which relief may be granted.

---

[2] The Court additionally observes that even if Plaintiff had sued a specific employee of RCC, his allegations that "RCC [] refused to follow ADA guidelines and providing me help & give me the indigent stuff but they retaliated against after I told them not ship to [other state prisons] where I had issues before . . . ." are too conclusory and devoid of factual enhancement to state a cognizable claim. *See Iqbal*, 556 U.S. at 678-69.

**B. Defendant T.C.**

As to Defendant T.C., Plaintiff seems to indicate that he works at a "halfway house" in Owensboro, Kentucky, where Plaintiff once resided.[3] "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell*, 436 U.S. at 691 n.55) Thus, Plaintiff's official-capacity claim against Defendant T.C. is actually against the "halfway house" which ostensibly employs him.

The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private entities contracted to provide services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d 810, 814 (6th Cir. 1996)).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S.

---

[3] The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993), *abrogated on other grounds by Warren v. Prison Health Servs., Inc.*, 576 F. App'x 545 (6th Cir. 2014) (citation omitted). Although Plaintiff makes no allegations which would allow the Court to conclude that the "halfway house" is a state actor, for purposes of this initial review, the Court will presume that it is an entity contracted by a governmental entity to provide services to prisoners or former prisoners, and is therefore a state actor. *See, e.g.*, *Silverburg v. Jupiter*, 3:10-CV-48 2010 U.S. Dist. LEXIS 37690-R, at *5-6 (W.D. Ky. Apr. 216, 2020) (assuming without deciding that a "halfway house" was a state actor because it "may have some sort of contractual relationship with a government entity"); *Ford v. Dismas Charities, Inc.*, No. 3:96CV-471-S, 1999 U.S. Dist. LEXIS 23174, *10-11 (W.D. Ky. Sept. 29, 1999) (deciding a "halfway house" could be sued under § 1983 because its actions with regard to the plaintiff were in relation to his court-ordered confinement there).

115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.

Here, the complaint contains no allegations which suggest that the alleged violation of Plaintiff's constitutional rights was the result of a custom or policy implemented or endorsed by the "halfway house" where Defendant T.C. worked. Thus, the Court will dismiss Plaintiff's official-capacity claim against Defendant T.C. for failure to state a claim upon which relief may be granted.

The Court next addresses Plaintiff's individual-capacity claim against Defendant T.C. Plaintiff alleges that Defendant T.C. would not "allow him to go to H & R Block to fill out paperwork for his stimulus check. . . . Even T.C. did not have no case manager at hand to help me get my SSI going again including my Medicaid & getting my food stamps." The Court can discern no constitutional claim based upon these allegations. Thus, the Court will dismiss Plaintiff's individual-capacity claim against Defendant T.C. for failure to state a claim upon which relief may be granted.

### C. Additional Letters

Finally, the Court turns to two letters Plaintiff filed after she filed the complaint (DNs 6 & 7). To the extent that they are discernable, both of these letters seem to be requests for relief pertaining to another action Plaintiff has pending in the Western District of Kentucky, which is before a different judge. This Court has no authority over that action; therefore, no action will be taken on Plaintiff's letters.

## IV. ORDER

The Court will enter a separate Order dismissing this action for the reasons set forth therein.

Date: December 16, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011